UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN SMATHERS,

    Plaintiff,

v.                                               Case No:  5:14-cv-415-Oc-30PRL

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice.  (Doc. 3).  Plaintiff did not file a response in opposition.  Therefore, on August 19, 2014, the Court issued an order to show cause directing Plaintiff to respond to Defendant's motion to dismiss within fourteen days. (Doc. 6).  Plaintiff filed no response to either the motion to dismiss or the order to show cause.  The Court, having reviewed the motion and being otherwise fully advised in the premises, concludes that the motion should be granted and this action dismissed with prejudice.

## BACKGROUND

Plaintiff Stephen Smathers initiated this action against Defendant in the Circuit Court for the Fifth Judicial Circuit, Lake County, Florida, seeking cancellation of a note and mortgage and to quiet title to real property described as a "certain parcel of land

situated in the County of Lake, State of Florida, being known and designated as lot 134, Lake Crescent Hills Subdivision, according to plat thereof as recorded in Plat Book 32, Page 27-29, Public Records of Lake County, Florida" (the "Subject Property"). (Doc. 2 at 1-2). On July 23, 2014, Defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). For the purposes of Defendant's motion to dismiss, the Court assumes the following allegations from Plaintiff's amended complaint and attached exhibits to be true.

On July 20, 2007, Plaintiff executed a note and mortgage in favor of Countrywide Home Loan Servicing, L.P. ("Countrywide") in the amount of $272,200.00 on the Subject Property, which was subsequently recorded in the Official Records Book 03478, page 2176-2196. (Doc. 2, Ex. A). Pursuant to the terms of the note and mortgage, Plaintiff agreed to make regular periodic payments and to pay off the note in full on or before August 1, 2037. (*Id.*). In 2008, after requesting and being denied a modification of his note and mortgage from Countrywide, Plaintiff did not make the following three payments on his mortgage. (*Id.* at 2). As a result, on April 16, 2009, Countrywide informed Plaintiff that it was accelerating the note and mortgage and later filed a foreclosure action against Plaintiff. (*Id.* at 2-3). On April 12, 2012, Countrywide voluntarily dismissed the foreclosure action. (*Id.* at 3). As of November 14, 2013, Defendant became the holder of Plaintiff's note and mortgage. (*Id.* at 2).

In the present case, Plaintiff contends that Defendant is precluded from enforcing the note and mortgage because the five-year statute of limitations to enforce the note and foreclose the mortgage has run and the note and mortgage are no longer valid and

collectible. (*Id.* at 4). Accordingly, Plaintiff alleges that Defendant's mortgage on the Subject Property constitutes a cloud on Plaintiff's title, and he seeks to quiet title in his favor. (*Id.* at 5). Currently, Defendant seeks dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 3).

## DISCUSSION

### I. Legal Standard

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### II. Analysis

By his complaint, Plaintiff first seeks a declaration finding Defendant's note and mortgage null and void and an order cancelling the note and mortgage. (Doc. 2 at 4).

Plaintiff argues that the five-year statute of limitations period under §§ 95.11(2), 95.281, Florida Statutes, began to run on April 16, 2009, when Countrywide gave notice of acceleration of the note and mortgage. (Doc. 2 at 4). Therefore, according to Plaintiff, the period for enforcing the note and mortgage expired as of April 15, 2014.

Section 95.281(1)(a), Florida Statutes, provides that a mortgage lien terminates five years from the date of its maturity, "if the final maturity of an obligation secured by a mortgage is ascertainable from the record." Because the note in this case has a maturity date of August 1, 2037, under section 95.281(1)(a), Defendant's mortgage lien would terminate on August 1, 2042. (Doc. 2, Ex. A). Furthermore, section 95.11(2)(c), Florida Statutes, provides a five-year limitation period to foreclose on a mortgage. The limitations period established under § 95.11(2)(c) does not affect the life of the lien or extinguish the debt secured by the lien; rather, the life of the lien is established pursuant to § 95.281(1). *See Houck Corp. v. New River, Ltd.*, 900 So. 2d 601, 603 (Fla. 2d DCA 2005).

Under Florida law, when a creditor exercises its right to accelerate the amount due and owing under a note, the statute of limitations begins to run for the creditor to enforce the note. *See Greene v. Bursey*, 733 So. 2d 1111, 1114-15 (Fla. 4th DCA 1999) ("Where the installment contract contains an optional acceleration clause, the statute of limitations may commence running earlier on payments not yet due if the holder exercises his [or her] right to accelerate the total debt because of a default."). This general rule does not apply, however, "when the note is secured by a mortgage on . . . [a] property and the party exercising the right to accelerate brings a cause of action to enforce the note or foreclose on the mortgage which is dismissed for any reason." *Torres v. Countrywide Home Loans,*

*Inc.*, No. 14-20759-CIV, 2014 WL 3742141, at *3 (S.D. Fla. July 29, 2014) (citing *Romero v. SunTrust Mortg., Inc.*, No. 1:13-cv-24491, 2014 WL 1623703, at *3 (S.D. Fla. Apr. 22, 2014); *Olympia Mortg. Corp. v. Pugh*, 774 So. 2d 863, 865 (Fla. 4th DCA 2000); *U.S. Bank Nat'l Ass'n v. Bartram*, No. 5D12-3823, 2014 WL 1632138 (Fla. 5th DCA Apr. 25, 2014)). In *Singleton v. Greymar Associates*, the Florida Supreme Court held that, "[w]hile it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on *that default*, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue." 882 So. 2d 1004, 1006 (Fla. 2004) (emphasis added); *see also Olympia Mortg. Corp.*, 774 So. 2d at 865 (stating that a voluntary dismissal of a foreclosure action essentially equates to a decision not to accelerate payment on a note and mortgage at that time).

The parties do not dispute that Countrywide exercised acceleration under the note on April 16, 2009, and later initiated a foreclosure action against Plaintiff on April 29, 2009. (Docs. 2, 3). Thus, any claims Countrywide, and now Defendant, may have had as to Plaintiff's default on the payments at issue in that case would likely be subject to the applicable five-year statute of limitations. Nevertheless, the April 2009 foreclosure action was voluntarily dismissed; therefore, the acceleration did not act as a bar to future actions to enforce the note and mortgage, and any subsequent defaults within the past five years would create a new basis for acceleration of the note or foreclosure of the mortgage. *See Singleton*, 882 So. 2d at 1006. As such, the note and mortgage are valid and enforceable, and Plaintiff has failed to state a claim upon which relief could be granted. *See Dorta v. Wilmington Trust Nat'l Ass'n*, No. 5:13-cv-185-Oc-10PRL, 2014 WL 1152917, at *6

(M.D. Fla. Mar. 24, 2014) (holding that a note and mortgage remained valid despite mortgagee's decision to accelerate the note based on prior default where enforcement was abandoned); *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013) (same).

Plaintiff also brings a claim to quiet title to the Subject Property. Under Florida law, to state a claim to quiet title, a plaintiff must allege both plausible facts showing plaintiff's title to the subject property and that a cloud exists. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). Moreover, a plaintiff must also allege facts establishing that the claim is invalid. *Id.* ("Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity."); *see also Sliptchuik v. ING Bank*, No. 6:13-cv-460-Orl-28GJK, 2013 WL 4596951, at *2 (M.D. Fla. Aug. 28, 2013).

Plaintiff has alleged sufficient facts establishing his title to the Subject Property. (Doc. 2). At issue is whether Plaintiff has sufficiently alleged that Defendant's mortgage constitutes a cloud on Plaintiff's title. In this regard, Plaintiff alleges that Defendant's note and mortgage constitute a cloud on Plaintiff's title to the Subject Property because the note and mortgage are null and void as the limitations period has expired. Contrary to Plaintiff's contention, however, and as discussed more thoroughly above, Defendant's note and mortgage remain valid and enforceable. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. 3) is GRANTED.

2. This action is dismissed with prejudice.

3. The Clerk of Court is directed to terminate any pending motions as moot and close this case.

DONE AND ORDERED at Tampa, Florida on this 16th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\14-415 Smathers et al. v. Nathionstar Mortg.MTD.docx